# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:15CR00015-010 |
| v. ) | **OPINION** |
| ) | |
| **DANIEL JAY GREEAR,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lena L. Busscher, Assistant United States Attorney, Abingdon, Virginia, for United States; Daniel Jay Greear, Defendant Pro Se.*

The defendant, Daniel Jay Greear, proceeding pro se, has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his sentence imposed for conviction under 18 U.S.C. § 924(c). The United States has filed a Motion to Dismiss, to which the movant has responded. For the following reasons, I will grant the United States' Motion to Dismiss and dismiss the defendant's § 2255 motion.

I.

On January 29, 2016, Greear entered into a written plea agreement in which he pleaded guilty to Counts One and Fourteen of an eighteen-count indictment brought against him and twenty-two others. The plea agreement included a collateral attack waiver, which provided that Greear "waive[d] any right [he] may

have to collaterally attack, in any future proceeding, any order issued in this matter, unless such attack is based on ineffective assistance of counsel." Plea Agreement 7–8, ECF No. 378.

On July 18, 2016, I sentenced the defendant to a below-guideline term of 120 months imprisonment, consisting of 60 months on Count One, to be followed by a term of 60 months on Count Fourteen. Count One charged the defendant with conspiring to distribute and possess with intent to distribute five kilograms of alpha-PVP, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(c), and Count Fourteen charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for which the predicate crime was Count One.

In his present § 2255 motion, Greear contends that the court erred in convicting him of his 924(c) offense, Count Fourteen, contrary to the holding of *Borden v. United States*, 141 S. Ct. 1817 (2021).[1] Greear argues that the case stands for the notion that a drug trafficking crime cannot be considered a crime of violence, and therefore he cannot serve a sentence for a § 924(c) charge.

The government has moved to dismiss the § 2255 petition, first claiming that Greear is barred from raising his claim because of the collateral attack waiver in his

---

[1] Greer also relies upon *United States v. Taylor*, No. 20-1459, *cert. granted*, 141 S. Ct. 2882 (July 2, 2021), which has yet to be decided by the Supreme Court.

plea agreement.  Second, even if the waiver does not bar this collateral attack, the government argues that *Bordon* does not affect Greear's § 924(c) conviction. Finally, the government maintains that even if *Bordon* applies to Greear's §924(c) conviction, Greear procedurally defaulted by failing to raise the constitutional attack before his conviction became final, and that the default cannot be excused by a showing of cause and prejudice or actual innocence.  The defendant has responded, making the matter ripe for decision.

II.

When the government seeks to enforce an appeal or collateral attack waiver, a court will generally enforce the waiver if it is knowing and voluntary and the issue being appealed or attacked falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156–57 (4th Cir. 2018). The Fourth Circuit has declined to enforce an otherwise valid waiver on narrow grounds.  One example is where the district court exceeded its statutory authority to impose a sentence or a retroactive change in the law later rendered a sentence beyond the court's authority. *United States v. Cornette*, 932 F.3d 204, 209–10 (4th Cir. 2019).  Another is if enforcing a waiver "'would result in a miscarriage of justice'" because the issue is outside the waiver's scope. *United States v. Sweeney*, 833 F. App'x 395, 396 (4th Cir. 2021) (unpublished) (quoting *United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005)).  A finding of actual innocence is sufficient to satisfy the miscarriage of justice requirement.  *Id.* at

396.  The grounds for declining to enforce an appeal or collateral attack waiver are narrow because if courts regularly declined to enforce such waivers, courts "would deprive the Government of the benefit of its bargain and frustrate the purpose underlying such contracts."  *Cornette*, 932 F.3d at 210 (internal quotation marks and citation omitted).

In *United States v. Beck*, the Fourth Circuit held that an appeal waiver did not bar the defendant from challenging his conviction on the ground that a statute failed to state an offense.  957 F.3d 440, 445 (4th Cir. 2020).  The defendant essentially argued that "*no court in any case*" could convict a defendant under the statute under which the defendant was convicted.  *Id.* The court reasoned that the defendant's claim "fell outside the scope" of his appeal waiver because absent a valid statutory basis, the court would lack the authority to convict the defendant or impose a sentence.  *Id.*

In *United States v. Sweeney*, the Fourth Circuit found that a defendant had made an adequate showing of actual innocence sufficient to constitute a miscarriage of justice. 833 F. App'x at 397.  The court reasoned that because the defendant's predicate offenses were conspiracy to commit a Hobbs Act robbery and attempted Hobbs Act robbery, the Supreme Court had struck down §924(c)(3)(B)'s residual clause and the Fourth Circuit had previously held that conspiracy to commit and attempted Hobbs Act robbery is not a § 924(c) crime of violence,  the defendant's

sentence was not supported by a valid predicate. *Id.* at 396–97. Thus, the court declined to enforce the defendant's appellate waiver. *Id.* at 397.

In *United States v. Cornette*, the Fourth Circuit declined to enforce a collateral attack waiver to bar the petitioner's challenge to his sentence enhancement under the residual clause of the Armed Career Criminal Act (ACCA), which the Supreme Court struck down as unconstitutionally vague in *Johnson v. United States*, 576 U.S. 591 (2015). *Cornette*, 932 F.3d at 210. The court noted that the defendant "who does not constitute an armed career criminal has received a punishment that the law cannot impose upon him." *Id.* (internal quotation marks, citations, and alterations omitted). The court reasoned that because *Johnson* applied retroactively on collateral review, "the district court is now deemed to have had no statutory authority to impose Cornette's sentence." *Id.* The court emphasized that this element of retroactivity distinguished the petitioner's challenge from an appeal or collateral attack based on non-retroactive subsequent changes in sentencing laws or other favorable changes in the law, which have been bound by the waiver. *Id.*

Here, Greear has not established that his collateral attack waiver is unenforceable. He does not dispute that he knowingly and voluntarily entered into his plea agreement containing the waiver. Rather, he maintains that recent case law indicates his §924(c) charge cannot stand. In essence, he contends that the court is

now deemed to have had no statutory authority to impose his sentence in light of *Taylor* and *Bordon*. I disagree.

To start, the *Taylor* case to which Greear cites is still pending in the Supreme Court. Nonetheless, the facts underlying that case are distinguishable from those in this case, and the Fourth Circuit's 2020 opinion, whether upheld or overturned, will have no effect on Greear's waiver. In *Taylor*, the defendant was convicted of using a firearm in furtherance of a crime of violence predicated on conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery. 979 F.3d 203, 205 (4th Cir. 2020). The Fourth Circuit held that attempted Hobbs Act robbery is not categorically a § 924(c) crime of violence. *Id.* at 210. In doing so, the court vacated the defendant's § 924(c) conviction. *Id.*

Here, the predicate offense to which Greear pleaded guilty is not Hobbs Act robbery, but conspiracy to distribute alpha-PVP. *Taylor*, regardless of how the Supreme Court rules, simply will not move the imposition of sentence under § 924(c) for a drug trafficking crime beyond the court's statutory authority.

Neither does the Supreme Court's *Bordon* decision. In *Bordon*, the Court held that a criminal offense that only requires a mens rea of recklessness cannot qualify as a "violent felony" under the ACCA. 141 S. Ct. at 1821–22. Decisions interpreting the ACCA's "violent felony" definition are persuasive in interpreting § 924(c)'s "crime of violence" definition. *United States v. Jackson*, 32 F.4th 278, 283 (4th Cir.

2022). Yet Greear's § 924(c) conviction was predicated not on a "crime of violence" but on a drug trafficking offense. Section 924(c) provides criminal penalties for persons who "during and in relation to any crime of violence *or* drug trafficking crime" use, carry, or possess a firearm in furtherance of any such crime. 18 U.S.C. § 924 (emphasis added). "[D]rug trafficking crime[s]" and "crime[s] of violence" are distinct, separately defined predicate crimes. 18 U.S.C. § 924(c)(2); *id.* § 924(c)(3); *cf. Loughrin v. United States*, 573 U.S. 351, 357 (2014) (noting that the ordinary use of the term "or" "is almost always disjunctive, that is the words it connects are to be given separate meanings"). The 924(c) charge to which Greear has been convicted is clearly categorized as having been predicated on a drug trafficking crime, not a crime of violence. Plea Agreement 1, ECF No. 378. Accordingly, *Bordon* does not signal that the court's imposition of Greear's 924(c) sentence may now be deemed to have been beyond its authority or that Greear has made a showing of actual innocence because his conviction may be based on an invalid predicate.

Finally, even if I were to find that Greear's claim is beyond the scope of his waiver, his claim still fails for the same reasons discussed above. To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Greear's motion does not state a viable claim.

Courts will "uphold a § 924(c) conviction if it is 'expressly predicated' on at least one offense that categorically qualifies as a crime of violence or drug trafficking crime." *United States v. Ogun*, Nos. 16-7450, 20-6578, 2022 WL 843899, at *2 (4th Cir. Mar. 22, 2022) (unpublished) (citation omitted). Conspiracy to distribute or possess with intent to distribute a controlled substance, such as a substance containing alpha-PVP is a felony punishable under the Controlled Substances Act. 18 U.S.C. §§ 841, 846. Such crime is a drug trafficking crime under § 924(c). 18 U.S.C. § 924(c)(2) ("For purposes of this subsection, the term 'drug trafficking crime' means any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46."). In other words, Greear's conviction is expressly predicated on an offense that categorically qualifies as a valid § 924(c) predicate offense. Again, neither *Taylor* nor *Bordon* change that, and Greear's underlying drug offense is unaffected by Supreme Court decisions invalidating § 924(c)'s residual clause, which is part of the statutory definition of "crime of violence," not "drug trafficking crime." *Cf. United States v. Crawley*, 2 F.4th 257, 262–63 (4th Cir. 2021) (finding that a drug trafficking predicate is unaffected by the holdings in opinions involving §924(c) crimes of violence); *United States v. Hare*, 820 F.3d 93,

106 (4th Cir. 2016) (noting that defendants' 924(c) verdicts could be sustained because the defendants were found guilty of possessing a firearm in furtherance of a drug trafficking crime, even if the defendants' Hobbs Act convictions were not crimes of violence). Greear's claim is without merit because his §924(c) conviction is supported by a valid predicate.

## III.

For these reasons, I will grant the United States' Motion to Dismiss, ECF No. 1281, and deny the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, ECF No. 1275. A separate Final Order will be entered herewith.

DATED: May 31, 2022

/s/  JAMES P. JONES
Senior United States District Judge